Case 1:25-cv-01091-FB-LKE   Document 1   Filed 02/26/25   Page 1 of 5 PageID #: 1

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
* FEBRUARY 26, 2025 *
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

JANE DOE

                                             Plaintiff,

     -against-

VIKRANT PAWAR

                                  Defendants.

------------------------------------------------------------------ X

25-CV-1091
Judge Frederick Block
Magistrate Judge Lara K. Eshkenazi

**COMPLAINT AND JURY DEMAND**

## **PRELIMINARY STATEMENT**

1. This is a legal malpractice case in which Plaintiff sues Defendant, her prior counsel, for legal malpractice under New York State common law.

2. The claims arise from Defendant's failure to seek the Court's permission to file her civil rights complaint in federal court under seal and anonymously, notwithstanding that Plaintiff told him that she did not want her name disclosed since her complaint revolved around her work as a Confidential Informant ("CI") for the New York City Police Department ("NYPD"). The failure was compounded by Defendant's apparent initiation of press coverage, and active cooperation with the press in publicizing Plaintiff's name and photograph, which led to Plaintiff being threatened and stalked, and ultimately having to move from her New Jersey home for her own safety. Counsel further allowed private pedigree information about Plaintiff to remain on the public docket in her case, including details about her work as an FBI informant in Michigan

3. Plaintiff seeks monetary damages against Defendant and such other and further relief as the Court deems just and proper.

## **JURISDICTION**

4. This action is brought pursuant to 28 U.S.C. § 1332 and New York State Common Law. Diversity Jurisdiction is invoked in that Plaintiff is a citizen of the State of California, and Defendant is admitted to practice and has a principal place of business in, New York State.

5. The amount in controversy exceeds $75,000.00.

6. Venue is laid within the United States District Court for the Eastern District of New York in that the events in question occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff JANE DOE ("Ms. Doe") is a citizen of the State of California. By separate motion, she seeks to file this action under seal and under the fictional name "Jane Doe", because of the ongoing danger that disclosure of the underlying details of this matter pose to her safety. Her actual name is known to Defendant.

7. Defendant VIKRANT PAWAR, on information and belief, is a citizen of New York State, and is an attorney licensed to do business in New York State and who does in fact do business in New York State.

## FACTS

8. In approximately December 2019, Plaintiff retained Defendant to represent her in a civil matter against the City of New York and a detective, Detective Gregory Howard ("Det. Howard").

9. The matter against the City and Det. Howard arose from Plaintiff's work as a CI for Det. Howard and her assertions that he had coerced her into a sexual relationship.

10. On more than one occasion, Plaintiff explained to Defendant that she did not want her name publicized as part of the lawsuit, as she was concerned for her safety as a confidential informant.

2

11. In approximately August 2020, Plaintiff had a conversation with Defendant about filing her case, and he assured her he would be filing soon.

12. On about August 25, 2020, Defendant filed Plaintiff's case in the United States District Court, Eastern District of New York. He did not seek to file the matter under seal, and named Plaintiff in the caption.

13. At the time Defendant filed Plaintiff's case, there was a well-developed body of law in the Second Circuit allowing a plaintiff to file a case anonymously under certain circumstances. Had Defendant sought to file under seal or substitute Plaintiff's name with a "Jane Doe" in the Complaint, any court would readily have granted such a request under the prevailing law.

14. Defendant filed Plaintiff's case, alleging that Plaintiff worked regularly for Det. Howard as a CI, placing her in dangerous situations in Staten Island to gather information on criminals.

15. Defendant wrote in the complaint that Det. Howard repeatedly used Plaintiff "as his sexual slave under the threats of violence and exposure".

16. The morning he filed Plaintiff's complaint, on information and belief, Defendant contacted a reporter for the New York Daily News to arrange for coverage of the filing.

17. That same morning, Defendant called Plaintiff to advise her that the press was covering the filing, and to urge her to speak with a reporter. When Plaintiff reminded Defendant she did not want her name disclosed, her told her "they (the press) already know". Once Plaintiff agreed to speak with the reporter, Defendant conferenced her in with the reporter, who Defendant already had holding on the other line.

18. After that phone call, Defendant urged Plaintiff to send him a photo to give to the reporter, suggesting it was in her best interest.

19. On August 27, the Daily News ran a half page article with the headline "I was Cop's Sex Slave" and the subheading "…informant says in suit". It contained a color photo of Plaintiff, named her, and contained details of her work as a CI for Det. Howard in Staten Island.

20. Defendant was quoted in the article, emphasizing that Det. Howard coerced Plaintiff by "always ma[king] a point to say he would expose her as a confidential informant".

21. In follow up press coverage, Defendant admitted "expos[ing] a CI undermines investigations and exposes them and their loved ones for possible retaliation and safety."

22. In fact, as a result of the press coverage, Plaintiff was run out of her home in New Jersey, harassed by locals who had seen the press coverage of her as a CI. One of those people was actually arrested more than once and convicted for his ongoing of harassment of her.

23. Plaintiff moved to California to escape the threats of violence she faced in New York and New Jersey as a result of the public filing of her case, the explicit naming of her as a CI, and the resultant press coverage.

24. In addition, on July 25, 2023, opposing counsel in Plaintiff's underlying matter filed on the public docket ample personal information about Defendant, including her addresses, social security number, date of birth, and a deposition transcript detailing Plaintiff's work as an FBI informant in Michigan. Defendant failed to request the Court pull the documents off the docket or order them redacted.

25. Defendant continued to represent Plaintiff on the matter until February 6, 2025.

## DAMAGES

26. As a direct and proximate result of the acts of defendants, Ms. Doe suffered the following injuries and damages:

4

    a.    Violation of her privacy;

    b.    Emotional trauma and suffering.

## FIRST CAUSE OF ACTION
### LEGAL MALPRACTICE

27.    The above paragraphs are here incorporated.

28.    Defendant's representation of Plaintiff was negligent, as he failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and those failures were palpably unreasonable and incompetent.

29.    Defendant's negligence was a proximate cause of Plaintiff's losses.

30.    Plaintiff sustained actual damages.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    A.    In favor of Plaintiff in an amount to be determined by a jury for each of her causes of action;

    B.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:    Brooklyn, New York
             February 25, 2025

                                        Very truly yours,

                                        Stoll, Glickman & Bellina, LLP
                                        By: Andrew B. Stoll
                                        Attorney for Plaintiff
                                        300 Cadman Plaza West, 12th Floor
                                        Brooklyn, NY  11201
                                        (718) 852-3710
                                        astoll@stollglickman.com