FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
* FEBRUARY 26, 2025 *

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BROOKLYN OFFICE
25-CV-1091
Judge Frederick Block
Magistrate Judge Lara K. Eshkenazi

------------------------------------------------------------------------- X

JANE DOE

                                        Plaintiff,

                      -against-



VIKRANT PAWAR

                                        Defendants.

------------------------------------------------------------------------- X

*EX PARTE* MOTION TO FILE COMPLAINT AND MOTION UNDER SEAL, WITHOUT PREJUDICE AND FOR A PROTECTIVE ORDER, WITHOUT PREJUDICE, AND TO FILE UNDER A PSEUDONYM

Andrew B. Stoll declares the following, pursuant to 28 U.S.C. § 1746:

1.      I am the attorney for Plaintiffs in the above captioned action. As such, I am familiar with the facts stated below and submit this Declaration in support of Plaintiff's motion to file the Complaint and this Motion under seal and for a protective order, and to file under a pseudonym, all without prejudice to further application by Defendant when he appears in the action.

UNDERLYING FACTS

2.      Plaintiff brings this diversity action for legal malpractice against Defendant for failing seek to file her civil rights complaint anonymously, where her underlying complaint was that an NYPD Detective coerced her into a sexual relationship with threats of blowing her cover as a confidential informant ("CI"). *Exhibit 1.* In other words, Defendant blew Plaintiff's cover for the first time in a complaint that detailed her fear of having her cover blown. It further appears Defendant actively solicited press on the case, including a three-way call with a Daily News reporter and Plaintiff, which resulted in an article the day after the complaint was filed. *Exhibit 2.*

3.      Plaintiff thus seeks to recover damages against Defendant for negligently outing

her as a CI, without exacerbating the damages she has already suffered from being outed, and without having her privacy unnecessarily violated.

4.     Plaintiff's fear of harm from being outed is not speculative.  Mere days after a follow-up article naming Plaintiff appeared in the press, she alleges she started getting harassed by people in her neighborhood in New Jersey.  One of those people was arrested twice for the harassment, indicted, convicted, and sentenced to six months jail and two years' probation. *Exhibit 3*. Afraid for her safety, Plaintiff moved to California.

ARGUMENT

5.     Notwithstanding the presumptive public access of a federal case, the Second Circuit has laid out a three-step test for whether to grant a request to seal a docket or document. *Mirlis v. Greer*, 952 F.3d 51 (2d Cir. 2020).  First, the Court determines whether the document is a "judicial document" – plainly, the Complaint here is, as will be many other filings in the matter.

6.     Next, the Court determines "the weight of the presumption of access to that document."' *Id.*  Courts have labeled the weight of a complaint "heavy" under this step.  *See Morgan Art Found. Ltd. v. McKenzie*, 18-CV-4438 (AT) (BCM), 2020 WL 1130699, at *2 (S.D.N.Y. Mar. 6, 2020).  On the other hand, courts in this Circuit have consistently noted "it is in the public interest that the price of access to the courts not be too high". *New York Blood Center*, 213 F.R.D. 108 (E.D.N.Y. 2003); *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006).  Although this observation has been most often applied when governmental or quasi-governmental defendants are at issue, it's been applied to private defendants as well. *See Doe v. Zinsou*, 19-CV-7025 (ER), at *11 (S.D.N.Y. Aug. 6, 2019).

7.     Finally, a court must "identify all of the factors that legitimately counsel against disclosure" and balance them against those weight in favor of disclosure; "[a]lthough the public's

2

right is strong, it is not absolute". *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (*cleaned up*). Courts have relied "foremost" upon privacy interests to grant sealing. *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020); *Kewazinga Corp. v. Microsoft Corp.*, 18-CV-4500, 2021 WL 1222122, at *7-8 (S.D.N.Y. Mar. 31, 2021). This may include where cases "involve[] highly sensitive and personal matters." *Doe v. N.Y. Univ.*, 20-cv-1343 (MKV), at *3 (S.D.N.Y. Mar. 22, 2023). Of course, courts have considered "the risk of physical violence. *See Citgo Petroleum Corp. v. Starstone Ins. Se*, 1:21-cv-389-GHW, at *3 (S.D.N.Y. Nov. 9, 2023).

8.     Here, Plaintiff's privacy and safety interests should readily outweigh the admittedly heavy presumption of access to the Complaint and this motion. As described above, Plaintiff's safety concerns are not fanciful- she has already been subjected to criminal stalking because her cover was blown in the press, forcing her to move to California for her own safety. And although the disclosure has already been made in the papers, some time has passed and she has resumed a new life in a new location. Another stray article in the press could reignite problems for her in her new locale. Further, the matter plainly involves "highly sensitive and personal matters". *See Doe v. N.Y. Univ.*, 20-cv-1343 (MKV), at *3 (S.D.N.Y. Mar. 22, 2023).[1]

9.     Although filing the entire docket is a more extreme measure than having Plaintiff file anonymously, it would be readily apparent to anyone familiar with the underlying case who Plaintiff is by reading the Complaint in this case, and failure to seal the entire docket, or at least the Complaint and other substantive documents, would seriously risk harming Plaintiff all over again.

---

[1]     Another basis for Plaintiff's complaint against Defendant is his failure to move to seal an improper filing on the public docket by defendant in the underlying matter that included her social security number and current and former addresses, along with yet further information about her work *as an FBI informant in Michigan*. It's my hope that by the time I file this motion new counsel will be retained on that matter and will have moved to scrub the docket of personal information and harmful information about her work as a CI.

10.     Plaintiff should not be forced to risk her life and humiliate herself to obtain relief against the lawyer who she asserts harmed her worse than the Detective who she asserts sexually assaulted her. After all, she asserted in her underlying complaint that she submitted to sexual assault to *avoid* having her cover blown. "It is in the public interest that the price of access to the courts not be too high". *Trooper v. N.Y. State Police*, 22-CV-893 (LDH) (TAM), at \*8 (E.D.N.Y. Mar. 29, 2024).

11.     In the event the Court does not seal the Complaint or the docket, we request the Court at least grant Plaintiff the right to continue filing as an anonymous "Jane Doe". The Second Circuit has established a non-exhaustive list of ten factors to consider in weighing such a request. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008). These include (1) whether the litigation involves matters that are highly sensitive and personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm; (3) whether identification presents other harms and the likely severity of those harms; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously; (7) whether the plaintiffs identity has thus far been, kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. *Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 190 (2d Cir. 2008).

12.     Factors one and two plainly weigh in favor of granting anonymity. Factor three is not a factor here, factor four weighs in favor of anonymity because few people are more vulnerable

4

than an outed CI who is also on the outs with her handler. Factor five weighs in Plaintiff's favor because there is no government interest that the public needs to track here. Factor six weighs in Plaintiff's favor, it is not prejudicial to Defendant to leave Plaintiff anonymous- in fact, it potentially reduces some damages he may be liable for.

13.     Factor seven weighs against Plaintiff's request, but as we discuss above, the dust has settled and Plaintiff has moved on from the initial press disclosures- a new disclosure could readily yank the scab off an old wound. Factor eight weighs in Plaintiff's favor, as Plaintiff's name alone adds nothing to the public's interest in any underlying facts in this matter. Factor nine weighs against Plaintiff, and factor ten weighs in her behalf, since anonymizing the Complaint is the least intrusive mechanism Plaintiff could seek here and of course, her preference is to seal the docket, or at least the Complaint and this motion.

14.     Finally, we submit a proposed order we hope the Court will grant to prevent Defendant from disseminating the documents in this litigation other than as needed to defend the matter. *Exhibit 4.*


DATED:      Brooklyn, New York
            February 25, 2025


                                        Very truly yours,



                                        Stoll, Glickman & Bellina, LLP
                                        By: Andrew B. Stoll
                                        Attorney for Plaintiff
                                        300 Cadman Plaza West, 12th Floor
                                        Brooklyn, NY 11201
                                        (718) 852-3710
                                        astoll@stollglickman.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

JANE DOE

                                  Plaintiff,

             -against-

VIKRANT PAWAR

                              Defendants.

-------------------------------------------------------------------- X

**COMPLAINT AND
JURY DEMAND**

### **PRELIMINARY STATEMENT**

1.      This is a legal malpractice case in which Plaintiff sues Defendant, her prior counsel, for legal malpractice under New York State common law.

2.      The claims arise from Defendant's failure to seek the Court's permission to file her civil rights complaint in federal court under seal and anonymously, notwithstanding that Plaintiff told him that she did not want her name disclosed since her complaint revolved around her work as a Confidential Informant ("CI") for the New York City Police Department ("NYPD"). The failure was compounded by Defendant's apparent initiation of press coverage, and active cooperation with the press in publicizing Plaintiff's name and photograph, which led to Plaintiff being threatened and stalked, and ultimately having to move from her New Jersey home for her own safety. Counsel further allowed private pedigree information about Plaintiff to remain on the public docket in her case, including details about her work as an FBI informant in Michigan

3.      Plaintiff seeks monetary damages against Defendant and such other and further relief as the Court deems just and proper.

### **JURISDICTION**

4.      This action is brought pursuant to 28 U.S.C. § 1332 and New York State Common Law.  Diversity Jurisdiction is invoked in that Plaintiff is a citizen of the State of California, and Defendant is admitted to practice and has a principal place of business in, New York State.

5.      The amount in controversy exceeds $75,000.00.

6.      Venue is laid within the United States District Court for the Eastern District of New York in that the events in question occurred within the boundaries of the Eastern District of New York.

## PARTIES

6.      Plaintiff JANE DOE ("Ms. Doe") is a citizen of the State of California.  By separate motion, she seeks to file this action under seal and under the fictional name "Jane Doe", because of the ongoing danger that disclosure of the underlying details of this matter pose to her safety.  Her actual name is known to Defendant.

7.      Defendant VIKRANT PAWAR, on information and belief, is a citizen of New York State, and is an attorney licensed to do business in New York State and who does in fact do business in New York State.

## FACTS

8.      In approximately December 2019, Plaintiff retained Defendant to represent her in a civil matter against the City of New York and a detective, Detective Gregory Howard ("Det. Howard").

9.      The matter against the City and Det. Howard arose from Plaintiff's work as a CI for Det. Howard and her assertions that he had coerced her into a sexual relationship.

10.     On more than one occasion, Plaintiff explained to Defendant that she did not want her name publicized as part of the lawsuit, as she was concerned for her safety as a confidential informant.

2

11.    In approximately August 2020, Plaintiff had a conversation with Defendant about filing her case, and he assured her he would be filing soon.

12.    On about August 25, 2020, Defendant filed Plaintiff's case in the United States District Court, Eastern District of New York. He did not seek to file the matter under seal, and named Plaintiff in the caption.

13.    At the time Defendant filed Plaintiff's case, there was a well-developed body of law in the Second Circuit allowing a plaintiff to file a case anonymously under certain circumstances. Had Defendant sought to file under seal or substitute Plaintiff's name with a "Jane Doe" in the Complaint, any court would readily have granted such a request under the prevailing law.

14.    Defendant filed Plaintiff's case, alleging that Plaintiff worked regularly for Det. Howard as a CI, placing her in dangerous situations in Staten Island to gather information on criminals.

15.    Defendant wrote in the complaint that Det. Howard repeatedly used Plaintiff "as his sexual slave under the threats of violence and exposure".

16.    The morning he filed Plaintiff's complaint, on information and belief, Defendant contacted a reporter for the New York Daily News to arrange for coverage of the filing.

17.    That same morning, Defendant called Plaintiff to advise her that the press was covering the filing, and to urge her to speak with a reporter. When Plaintiff reminded Defendant she did not want her name disclosed, her told her "they (the press) already know". Once Plaintiff agreed to speak with the reporter, Defendant conferenced her in with the reporter, who Defendant already had holding on the other line.

3

18.    After that phone call, Defendant urged Plaintiff to send him a photo to give to the reporter, suggesting it was in her best interest.

19.    On August 27, the Daily News ran a half page article with the headline "I was Cop's Sex Slave" and the subheading "…informant says in suit". It contained a color photo of Plaintiff, named her, and contained details of her work as a CI for Det. Howard in Staten Island.

20.    Defendant was quoted in the article, emphasizing that Det. Howard coerced Plaintiff by "always ma[king] a point to say he would expose her as a confidential informant".

21.    In follow up press coverage, Defendant admitted "expos[ing] a CI undermines investigations and exposes them and their loved ones for possible retaliation and safety."

22.    In fact, as a result of the press coverage, Plaintiff was run out of her home in New Jersey, harassed by locals who had seen the press coverage of her as a CI. One of those people was actually arrested more than once and convicted for his ongoing of harassment of her.

23.    Plaintiff moved to California to escape the threats of violence she faced in New York and New Jersey as a result of the public filing of her case, the explicit naming of her as a CI, and the resultant press coverage.

24.    In addition, on July 25, 2023, opposing counsel in Plaintiff's underlying matter filed on the public docket ample personal information about Defendant, including her addresses, social security number, date of birth, and a deposition transcript detailing Plaintiff's work as an FBI informant in Michigan. Defendant failed to request the Court pull the documents off the docket or order them redacted.

25.    Defendant continued to represent Plaintiff on the matter until February 6, 2025.

## DAMAGES

26.    As a direct and proximate result of the acts of defendants, Ms. Doe suffered the following injuries and damages:

4

a.    Violation of her privacy;

b.    Emotional trauma and suffering.

## FIRST CAUSE OF ACTION
LEGAL MALPRACTICE

27.    The above paragraphs are here incorporated.

28.    Defendant's representation of Plaintiff was negligent, as he failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and those failures were palpably unreasonable and incompetent.

29.    Defendant's negligence was a proximate cause of Plaintiff's losses.

30.    Plaintiff sustained actual damages.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.    In favor of Plaintiff in an amount to be determined by a jury for each of her causes of action;

B.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:    Brooklyn, New York
           February 25, 2025

Very truly yours,

Stoll, Glickman & Bellina, LLP
By: Andrew B. Stoll
Attorney for Plaintiff
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
(718) 852-3710
astoll@stollglickman.com

5

18   Thursday, August 27, 2020

**DAILY NEWS** NYDailyNews

# I was cop's 'sex slave'

## He also kept cash owed for my tips, informant says in suit

**BY NOAH GOLDBERG**
**NEW YORK DAILY NEWS**

A confidential informant for the NYPD was sexually abused by the detective she worked for, according to a new lawsuit filed in Brooklyn Federal Court.

The Staten Island cop also kept some of the money he paid her out of the department's Crime Stoppers fund for anonymous tips, the suit alleges.

Takisha Reid, 46, says she became an NYPD informant in 2017, with Detective Gregory Howard using her to help identify alleged criminals in the five boroughs. Soon after she started working for Howard, he began hitting on her, the mother of one told the Daily News.

"Right away he was making moves on me," Reid said. "I told him I didn't see him in that way and I wanted to keep it professional."

But Howard did not take no for an answer, according to the lawsuit.

Starting in April 2018, Howard sexually abused Reid numerous times, including in his car, according to the suit. He would make Reid go out to dinner with him and then would sexually assault and rape her, according to the suit.

Afterward, he would threaten Reid if she exposed him, she claims.

"He said, 'How would you like it if I told the people that you gave me, that it was you that gave them up?'" Reid recalled the detective saying.

"I felt betrayed and right then and there I felt like he was not a good cop," Reid told The News. "I felt afraid because he knew that I did not want it to get out that I was an informant."

Howard, who worked out of the 120th Precinct on Stat-



Takisha Reid says cop threatened to reveal her role as informant.

COURTESY OF REID

en Island, would pay Reid money from the Crime Stoppers fund for her work as an informant, but would also keep some of the cash for himself, according to the lawsuit.

The abuse went on until January 2019, according to the suit. Reid says she informed the NYPD's Internal Affairs Bureau of the assault after the first incident in April 2018.

Howard told Reid not to speak with the IAB or the Civilian Complaint Review Board, according to the lawsuit, though Reid eventually filed reports with both.

The suit also claims that at a certain point Howard ceased to use Reid as an informant but continued to "use her as his sexual slave under threats of violence and exposure."

"The IAB did substantiate the allegations that she filed against the officer. But not surprisingly, he's still on the payroll," said Reid's lawyer, Vik Pawar. "It was never consensual. He always made a point to say he would expose her as a confidential informant."

"We will review the lawsuit if and when we are served," said a spokeswoman for the NYPD.

The NYPD did not comment on the outcome of any IAB investigation into Howard.

★ ★ ★ GOLD AND SILVER HIT ALL-TIME

The 120th Precinct in Staten Island.



By **GRAHAM RAYMAN** | grayman@nydailynews.com | New York Daily News
UPDATED: February 12, 2021 at 12:49 AM EST

A Staten Island detective who was accused of sexually assaulting and exposing a confidential informant, was docked 40 vacation days as punishment for violating NYPD regulations, the Daily News has learned.

Detective Gregory Howard, 44, was hit with the penalty three days before Christmas for how he handled informant Takisha Reid.

Howard was determined guilty of violating confidential informant procedures, failing to document investigative actions and criminal association, by the department, records show.

Reid, 46, claimed in a lawsuit filed in August that Howard drew her into a sexual relationship and sexually assaulted her before threatening to expose her as a snitch. She also alleged Howard pocketed money donated to Crimestoppers.

-00:00

"How would you like it if I told the people that you gave me that it was you?" Reid said the cop told her.

Takisha Reid
Howard was also placed on one year probation, and remains at the 120th Precinct, records show. Reid, meanwhile, moved out of the borough out of fear for her safety.



Reid's lawyer Vik Pawar acknowledged 40 days is a lot of vacation time, but said Howard's continued presence in the same precinct is troubling.

"Threatening to expose a CI undermines investigations and exposes them and their loved ones for possible retaliation and safety," he said. "The fact he is still employed and working in the same precinct sends a chilling message and compromises any past, current and future criminal cases."

The NYPD and Howard's lawyer declined to comment.

Reid ended contact with Howard in January 2019 after more than a year as an informant. She initially filed a complaint against Howard with the Civilian Complaint Review Board, which was referred to the Internal Affairs Bureau. The department filed charges against the detective in September 2019.

The 120th Precinct in Staten Island.

The disciplinary case and the Reid lawsuit haven't appeared to have affected his pay. Howard made $140, 344 in 2020, including his $97,324 base salary.

The criminal association charge may involve an unrelated case in which Howard's name came up on a wiretap, sources said.

Reid, a mother of one, told The News that Howard began hitting her after she became his informant in 2017.

The alleged sexual abuse began in April 2018, she claims.

"I felt betrayed and right then and there I felt like he was not a good cop," Reid said. "I felt afraid because he knew that I did not want it to get out that I was an informant."

Court records show Howard has been sued eight times, generating $79,000 in settlements from the city for people who alleged bad searches and false arrest.

With Noah Goldberg

*Originally Published: February 11, 2021 at 7:19 PM EST*



# Judgment of Conviction & Order for Commitment

## Superior Court of New Jersey, UNION County

### State of New Jersey          v.

| Last Name | First Name | Middle Name |
|---|---|---|
| JOHNSON | CHARLES | E |

| Also Known As |
|---|
| |

| Date of Birth | SBI Number | Date(s) of Offense |
|---|---|---|
| 06/28/1994 | 344824E | 04/18/2021 |

| Date of Arrest | PROMIS Number | Date Ind / Acc / Complt Filed | Original Plea | Date of Original Plea |
|---|---|---|---|---|
| | 21 001051-001 | 12/09/2021 | ☑ Not Guilty  ☐ Guilty | 12/20/2021 |

Adjudication By   ☑ Guilty Plea   ☐ Jury Trial Verdict   ☐ Non-Jury Trial Verdict   ☐ Dismissed / Acquitted   Date: 04/14/2022

☐ Sealed (N.J.S.A. 2C:52-5.2)

### Original Charges

| Ind / Acc / Complt | Count | Description | Statute | Degree |
|---|---|---|---|---|
| 21-12-00859-I | 1 | TERRORISTIC THREATS-THREAT TO COMMIT CRIME OF VIOLENCE | 2C:12-3A | 3 |
| 21-12-00859-I | 2 | CONTEMPT-VIOLATE JUDICIAL/RESTRAINING ORDER | 2C:29-9A | 4 |
| W-2021-000313-2004 | 901 | HARASSMENT-COMMUNICATION IN MANNER TO CAUSE ALARM | 2C:33-4A | PDP |
| W-2021-000461-2004 | 902 | HARASSMENT-ANY OTHER ALARMING CONDUCT | 2C:33-4C | PDP |

### Final Charges

| Ind / Acc / Complt | Count | Description | Statute | Degree |
|---|---|---|---|---|
| 21-12-00859-I | 2 | CONTEMPT-VIOLATE JUDICIAL/RESTRAINING ORDER | 2C:29-9A | 4 |

### Sentencing Statement

It is, therefore, on   07/15/2022   **ORDERED** and **ADJUDGED** that the defendant is sentenced as follows:

As to count 2:The defendant is placed on probation for a period of 2 years with 180 days to be served in the Union County Jail. The court hereby suspends imposition of the custodial term until July 21, 2023. At that time the defendant must surrender to the court to serve custodial sentence. The defendant may move to vacate custodial sentence at that date.
The defendant must comply with all standard conditions of probation and the following condition of probation:
The defendant is to have no contact with the victim T.R.
The defendant cannot be on the property of 325 Irvington Avenue within the City of Elizabeth.
The defendant cannot be on the property of 421 Irvington Avenue within the City of Elizabeth.
All sums are to be collected through probation.
Count 1 of 21-12-00859-I is hereby dismissed upon application of the state.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| Total Custodial Term | Institution Name | Total Probation Term |
|---|---|---|
| 000 Years 00 Months 180 Days | COUNTY JAIL | 02 Years 00 Months |

**State of New Jersey v.**
JOHNSON, CHARLES E

S.B.I. # 344824E    Ind / Acc / Complt # 21-12-00859-I

## DEDR (N.J.S.A. 2C:35-15 and 2C:35-5.11)

A mandatory Drug Enforcement and Demand Reduction (DEDR) penalty is imposed for each count. (Write in number of counts for each degree.)

☐ DEDR penalty reduction granted (N.J.S.A. 2C:35-15a(2))

|  | Standard | | Doubled | |
|---|---|---|---|---|
| 1st Degree | ___ @ $ ___ | | ___ @ $ ___ | |
| 2nd Degree | ___ @ $ ___ | | ___ @ $ ___ | |
| 3rd Degree | ___ @ $ ___ | | ___ @ $ ___ | |
| 4th Degree | ___ @ $ ___ | | ___ @ $ ___ | |
| DP or Petty DP | ___ @ $ ___ | | ___ @ $ ___ | |

Total DEDR Penalty $ ___

☐ The court further ORDERS that collection of the DEDR penalty be suspended upon defendant's entry into a residential drug program for the term of the program. (N.J.S.A. 2C:35-15e)

| Forensic Laboratory Fee (N.J.S.A. 2C:35-20) | Total Lab Fee |
|---|---|
| Offenses @ $ ___ | $ ___ |

## VCCO Assessment (N.J.S.A. 2C:43-3.1)

| Counts | Number | | Amount |
|---|---|---|---|
| 2 | 1 | @ | $ 50.00 |
|  |  | @ | $ ___ |
|  |  | @ | $ ___ |
|  |  | @ | $ ___ |
|  |  | @ | $ ___ |
| Total VCCO Assessment | | | $ 50.00 |

## Vehicle Theft / Unlawful Taking Penalty (N.J.S.A. 2C:20-2.1)

| Offense | Mandatory Penalty |
|---|---|
|  | $ ___ |

## Offense Based Penalties

| Penalty | Amount |
|---|---|
|  | $ ___ |

## Other Fees and Penalties

**Law Enforcement Officers Training and Equipment Fund Penalty (N.J.S.A. 2C:43-3.3)**
☑ $ 30.00

**Safe Neighborhoods Services Fund Assessment (N.J.S.A. 2C:43-3.2)**
☑ 1 Offenses @ $ 75.00
Total: $ 75.00

**Probation Supervision Fee (N.J.S.A. 2C:45-1d)**
☑ $ 5.00

**Statewide Sexual Assault Nurse Examiner Program Penalty (N.J.S.A. 2C:43-3.6)**
☐ Offenses @ $ ___
Total $ ___

**Transaction Fee (N.J.S.A. 2C:46-1.1)**
☑

**Domestic Violence Offender Surcharge (N.J.S.A. 2C:25-29.4)**
☐ $ ___

**Certain Sexual Offenders Surcharge (N.J.S.A. 2C:43-3.7)**
☐ $ ___

**Fine**
$ ___

**Sex Crime Victim Treatment Fund Penalty (N.J.S.A. 2C:14-10)**
☐ $ ___

| Restitution | Joint & Several | Total Financial Obligation |
|---|---|---|
| $ ___ | ☐ | $ 155.00 |

☐ Entry of Civil Judgment for court-ordered financial assessment (N.J.S.A. 2C:52-5.2)

Details

## Additional Conditions

☑ The defendant is hereby ordered to provide a DNA sample and ordered to pay the costs for testing of the sample provided (N.J.S.A. 53:1-20.20 and N.J.S.A. 53:1-20.29).

☐ The defendant is hereby sentenced to community supervision for life (CSL) if offense occurred before 1/14/04 (N.J.S.A. 2C:43-6.4).

☐ The defendant is hereby sentenced to parole supervision for life (PSL) if offense occurred on or after 1/14/04 (N.J.S.A. 2C:43-6.4).

☐ The defendant is hereby ordered to serve a ___ year term of parole supervision, pursuant to the No Early Release Act (NERA), which term shall begin as soon as the defendant completes the sentence of incarceration (N.J.S.A. 2C:43-7.2).

☐ The court imposes a Drug Offender Restraining Order (DORO) (N.J.S.A. 2C:35-5.7h). DORO expires ___

☐ The court continues/imposes a Sex Offender Restraining Order (SORO) if the offense occurred on or after 8/7/07 (Nicole's Law N.J.S.A. 2C:14-12 or N.J.S.A. 2C:44-8).

☐ The court imposes a Stalking Restraining Order (N.J.S.A. 2C:12-10.1).

☐ The defendant is prohibited from purchasing, owning, possessing, or controlling a firearm and from receiving or retaining a firearms purchaser identification card or permit to purchase a handgun (N.J.S.A. 2C:25-27c(1)).

## Findings Per N.J.S.A. 2C:47-3

☐ The court finds that the defendant's conduct was characterized by a pattern of repetitive and compulsive behavior.

☐ The court finds that the defendant is amenable to sex offender treatment.

☐ The court finds that the defendant is willing to participate in sex offender treatment.

## License Suspension

☐ CDS / Paraphernalia (N.J.S.A. 2C:35-16)    ☐ Waived

☐ Auto Theft / Unlawful Taking (N.J.S.A. 2C:20-2.1)

☐ Eluding (N.J.S.A. 2C:29-2)

☐ Other

| Number of Months | ☐ Non-resident driving privileges revoked |
|---|---|

| Start Date | End Date |
|---|---|

Details

| Driver's License Number | Jurisdiction |
|---|---|

If the court is unable to collect the license, complete the following: Defendant's Address

| City | State | Zip |
|---|---|---|

| Date of Birth | Sex ☐ M ☐ F | Eye Color |
|---|---|---|

State of New Jersey v.
JOHNSON, CHARLES E

S.B.I. # 344824E   Ind / Acc / Complt # 21-12-00859-I

| Time Credits | | | | |
|---|---|---|---|---|
| **Time Spent in Custody**<br>*R. 3:21-8* | | **Gap Time Spent in Custody**<br>*N.J.S.A.* 2C:44-5b(2) | | **Prior Service Credit** |
| Date: From | – To | Date: From | – To | Date: From |
| 02/15/2021 | – 02/16/2021 | | – | |
| 04/22/2021 | – 04/28/2021 | | – | |
| | – | | | |
| | – | **Total Number of Days** | | |
| | – | **Rosado Time** | | |
| | – | Date: From | – To | |
| | – | | – | |
| | – | | – | |
| | – | | – | |
| **Total Number of Days**   9 | | **Total Number of Days** | | **Total Number of Days** |

| Statement of Reasons - Include all applicable aggravating and mitigating factors |
|---|

AGGRAVATING FACTORS
------------------------------------------------------------------------------------

3. The risk that the defendant will commit another offense.

6. The extent of the defendant's prior criminal record and the seriousness of the offenses of which he/she has been convicted.

9. The need for deterring the defendant and others from violating the law.


 This court finds that aggravating factors 3, 6 and 9 substantially outweigh the non existent mitigating factors.

| Attorney for Defendant at Sentencing | Public Defender |
|---|---|
| WHITNEY B MCCANN | ☑ Yes   ☐ No |
| **Prosecutor at Sentencing** | **Deputy Attorney General** |
| IZABELLA  WOZNIAK | ☐ Yes   ☑ No |
| **Judge at Sentencing** | |
| John M. Deitch | |
| **Judge (Signature)** | **Date** |
| /s John M. Deitch | 07/20/2022 |

PROSECUTOR'S DOCKET NO.     21001051
C.D.R. NO.     W-2021-000712-2004

WILLIAM A. DANIEL
Prosecutor of Union County
32 Rahway Avenue
Elizabeth, New Jersey 07202
(908) 527-4500
Attorney for the State of New Jersey

| | | |
|---|---|---|
| THE STATE OF NEW JERSEY | : | SUPERIOR COURT OF NEW JERSEY |
| | | LAW DIVISION – UNION COUNTY |
| v. | : | CRIMINAL |
| | | |
| CHARLES E JOHNSON | : | INDICTMENT NO. |
| Defendant | : | **21-12-008591** |

### COUNT ONE
*N.J.S.A.* 2C:12-3a
TERRORISTIC THREATS
(THIRD DEGREE)

The Grand Jurors of the State of New Jersey, for the County of Union, upon their oaths present

that CHARLES E JOHNSON, on or about the 14th day of February, 2021, in the City of Elizabeth,

County of Union, aforesaid, and within the jurisdiction of this Court, did threaten to commit a crime of

violence to T.R. with purpose to terrorize T.R.; contrary to the provisions of *N.J.S.A.* 2C:12-3a, against the

peace of this State, the Government and dignity of the same.

### COUNT TWO
*N.J.S.A.* 2C:29-9a
CONTEMPT
(FOURTH DEGREE)

The Grand Jurors of the State of New Jersey, for the County of Union, upon their oaths present

that CHARLES E JOHNSON, on divers dates between the 26th day of February, 2021 and the 20th day of

April, 2021, in the City of Elizabeth, County of Union, aforesaid, and within the jurisdiction of this Court,

did purposely or knowingly disobey a judicial order, namely an Order Denying Pretrial Detention and

Ordering Pretrial Release, made on February 19, 2021, in the matter of *State v. Charles Johnson*, Warrant

No. 2021-0003-13-2004; contrary to the provisions of *N.J.S.A.* 2C:29-9a, against the peace of this State, the Government and dignity of the same.

_____
DAVID P. SCHNEIDER
ASSISTANT PROSECUTOR

ENDORSED:

*Lucia McCloskey - Teculo /sh*
FOREPERSON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

JANE DOE

                                              Plaintiff,

                -against-

                                                  *[proposed]* **ORDER**

VIKRANT PAWAR

                                          Defendants.

-------------------------------------------------------------------- X

       Upon Plaintiff's *ex parte* Motion to Proceed Under Pseudonym and for Protective Order,

and upon review of the Complaint and Memorandum of Law in Support of Motion, it is

ORDERED that Plaintiff's *ex parte* Motion to Proceed Under Pseudonym is GRANTED, and it is

FURTHER ORDERED, that the Plaintiff's Motion for a Protective Order prohibiting Defendant

from publicly identifying Plaintiff, in court filings or otherwise, is GRANTED.

       It is further ORDERED that Defendant not disseminate the Complaint or other documents

in this matter to anyone other than his insurer or counsel, or other experts retained to assist in the

defense of this matter, and that Defendant advise any such person of this Order, which shall be

binding upon them as well.

Dated: _____, 2025



_____
United States District Judge