**VIKRANT PAWAR**
20 Vesey Street, Suite 1410
New York, New York 10007
Tel. (212) 571-0805
Fax (212) 571-0938

April 29, 2025

**BY ECF**

The Honorable Frederic Block
United States District Judge

    Re:   *Jane Doe v. Vikrant Pawar*
            25-CV-01091 (FB) (LKE)

Dear Judge Block:

I am the Defendant *pro se* in this legal-malpractice action.

Pursuant to Rule 2(A) of Your Honor's Individual Rules, I respectfully request a pre-motion conference because I wish to file a pre-answer motion to dismiss Plaintiff's Complaint. The motion will seek the following relief:[1]

- Pursuant to Fed. R. Civ. P. 12(b)(6), dismissal of Plaintiff's Complaint because it fails to state a claim upon which relief can be granted. The single cause of action that Plaintiff asserts does not exist under New York law; and

- Pursuant to Fed. R. Civ. P. 12(b)(1) and 28 U.S.C § 1332, dismissal of Plaintiff's Complaint for lack of diversity subject-matter jurisdiction. Plaintiff's Complaint fails to state, in a non-conclusory fashion, that the monetary amount in controversy exceeds $75,000.00.

### FACTS ALLEGED IN PLAINTIFF'S DEFICIENT COMPLAINT

Plaintiff's Complaint alleges that I am liable for legal malpractice because I did not file a past lawsuit "under seal and anonymously" (Complaint at ¶ 2) and I let Plaintiff give an interview to the press (Complaint at ¶ 16). No common law, statutory law, or case law exists that hold such to be legal malpractice. Yet, Plaintiff's Complaint incorrectly contends she bases this action on "New York State common law" (Complaint at ¶¶ 1 and 4).

Plaintiff's Complaint then lists a "FIRST CAUSE OF ACTION" titled "LEGAL MALPRACTICE" (Complaint at ¶ 27-30). No other causes of action exist in the Complaint.

---

[1] I shall also move, if appropriate, on other grounds that become apparent while drafting moving papers and conducting further legal research.

The only damages Plaintiff claims she sustained are "[v]iolation of her privacy" and "[e]motional trauma and suffering" (Complaint ¶¶ 26 a. and 26 b.). Nothing else. Plaintiff's Complaint incorrectly contends that these damages are available under "New York common law" (Complaint at ¶¶ 1 and 4). They are not. As such, the Complaint did not, and cannot, cite such New York common law to support these damages in a legal malpractice action.

Finally, the Complaint does not state — in a non-conclusory fashion — how Plaintiff incurred more than $75,000.00 in damages necessary for this Court to have diversity jurisdiction, under 28 U.S. Code § 1332.

## ARGUMENT

Below, part I explains that one may not recover "emotional damages" in a New York legal malpractice action. Part II explains that damages for a "violation of privacy" do not exist under New York law. Finally, part III explains that this Court lacks diversity subject-matter jurisdiction because Plaintiff's Complaint fails to allege — in a non-conclusory fashion — that her damages exceed $75,000.00.

### I.   "Emotional Damages" are Not Recoverable under New York Law in a Legal Malpractice Action.

"Under New York law, a plaintiff's recovery for legal malpractice is limited to pecuniary damages **as opposed to damages related to emotional distress**." *In re Stephens*, 2023 WL 2636396, at *23 (Bankr. E.D.N.Y. 2023) (emphasis added); *accord Wolkstein v. Morgenstern*, 275 A.D.2d 635, 637 (N.Y. App. Div., 1st Dep't 2000) ("A cause of action for legal malpractice does not afford recovery for any item of damages other than pecuniary loss so there can be no recovery for emotional or psychological injury").

New York law does not even allow recovery for emotional damages in a legal malpractice action involving the adoption of children. *See Taylor v. Paskoff & Tamber, LLP*, 29 Misc.3d 1125 (N.Y. Sup. Ct., N.Y. County 2010). It also does not matter if an action is based on "negligence or breach of contract," *Dirito v. Stanley*, 203 A.D.2d 903, 904 (N.Y. App. Div., 4th Dep't 1994), because damages for "'emotional and mental pain and suffering'…are not recoverable in a legal malpractice action." *Id.*

Further, "nonpecuniary damages are unrecoverable in a legal malpractice action whether the malpractice is civil or criminal in nature." *D'Alessandro v. Carro*, 123 A.D.3d 1, 7 (N.Y. App. Div., 1st Dep't 2014). Thus, a "plaintiff's claims for nonpecuniary damages, including physical and psychological injuries allegedly sustained while she was incarcerated following the first trial, are not recoverable in a legal malpractice action." *Dawson v. Schoenberg*, 129 A.D.3d 656, 658 (N.Y. App. Div., 2d Dep't 2015).

In sum, this Court should dismiss Plaintiff's Complaint because Plaintiff cannot recover for alleged "Emotional trauma and suffering" (Complaint ¶ 26 b.) in a legal malpractice action under incontrovertible New York law. *See id.*

## II. New York law Does Not Recognize Plaintiff's Alleged Damages for a "Violation of her privacy" (Complaint at ¶ 26 a.).

"New York does not recognize a common-law right of privacy." *Messenger ex rel. Messenger v. Gruner + Jahr Printing & Pub.*, 94 N.Y.2d 436 (2000). "New York's highest court has consistently reminded litigants that *no* so-called common law right of privacy exists in New York." *Hurwitz v. United States*, 884 F.2d 684, 685 (2d Cir. 1989) (citations omitted)(emphasis added).[2]

Despite not existing under New York common law, *see id.*, Plaintiff's Complaint erroneously claims that "[t]his action is brought pursuant to…New York State Common Law…for a 'violation of her [Plaintiff's] privacy.'" (Complaint at ¶ 4 and ¶ 26 a.). Accordingly, Plaintiff's Complaint is facially insufficient. This Court should dismiss it.

## III. Plaintiff's Complaint Fails to Invoke this Court's Diversity Subject-Matter Jurisdiction.

The Complaint does not state — in a non-conclusory fashion — how Plaintiff incurred more than $75,000.00 in damages necessary for this Court to have diversity jurisdiction, under 28 U.S. Code § 1332.

Thank you.

Respectfully,

Vikrant Pawar

CC: **BY ECF**

Andrew B. Stoll
Stoll, Glickman & Bellina, LLP

---

2   The Eastern District of New York also acknowledges this: "Plaintiff's common law right of privacy claim likewise fails because there is no such right under New York common law." *Greene v. Paramount Pictures Corp.*, 138 F. Supp. 3d 226, 233 (E.D.N.Y. 2015); *accord Edme v. Internet Brands, Inc.*, 968 F. Supp. 2d 519, 527 (E.D.N.Y. 2013)(quoting *Messenger v. Gruner + Jahr Printing & Publ'g*, 94 N.Y.2d 436 (2000)).