

300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
P: (718) 852-3710
F: (718) 852-3586
www.stollglickman.com

Hon. Frederic Block                                                                                          May 5, 2025
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY  11201

Re:   *Jane Doe v. Vikrant Pawar*
        25-CV-1091 (FB)(LKE)

Your Honor-

I am Plaintiff's Counsel in this matter and write in opposition to Defendant's request for a pre-motion conference; Plaintiff intends to amend the Complaint and respectfully requests a deadline that tracks resolution of a related matter before the Court in Docket 20-CV-3926 (PK), Document 112 ("the underlying matter").

This legal malpractice litigation concerns Defendant's release of confidential information to the press without Plaintiff's consent, then failure to move to file Plaintiff's case as a Jane Doe and urging Plaintiff to speak to the press, when the gravamen of the underlying matter was that Plaintiff was a confidential informant ("CI") whose NYPD handler coerced her into sex acts under the threat of publicly blowing her cover as a CI.

Defendant appears to be correct that the weight of authority precludes emotional damages in a New York State legal malpractice action; Plaintiff therefore intends to amend the Complaint to add a cause of action for Gross Negligence, which requires [i] a duty to the plaintiff; [ii] a breach of duty; [iii] a reasonably close causal connection between the contact and the resulting injury; and [iv] actual loss, harm or damage." *Integrated Waste Servs., Inc. v. Akzo Nobel Salt, Inc.*, 113 F.3d 296, 299 (2d Cir. 1997).  Although "the act or omission must be of an aggravated character, as distinguished from the failure to exercise ordinary care," we believe the Defendant/Counsel's actions here, knowingly and intentionally blowing his own client's cover as a CI, readily clear that hurtle. *Curley v. AMR Corp.*, 153 F.3d 5, 13 (2d Cir. 1998).

But there are other departures that are currently being briefed in the underlying matter that, if true, plainly also support a malpractice claim with clearer pecuniary damages. *See* 20-CV-3926 (PK), Document 112.  Namely, Defendant "voluntarily dismissed [Plaintiff's] claim against the City of New York for negligent hiring, training, retention, and screening—without her knowledge or consent" even though "the record show[ed]  that the City had actual notice of Detective Howard's

predatory behavior toward female confidential informants long before he assaulted Plaintiff". *Id.*[1]

Plaintiff's counsel in the underlying matter has briefed a motion to vacate the order dismissing that cause of action against the City of New York. If that motion is not granted, Plaintiff will be left without a remedy against the City of New York for her handler's actions, and thus likely without an ability to readily collect the full damages she suffered. If that occurs, Plaintiff will have another strong basis for a malpractice claim against Defendant in this litigation- one with much larger and more apparent pecuniary damages.

Thus my suggestion, to avoid a waste of the Court and Counsels' time, is to stay this matter pending resolution of Document 112 in the underlying matter. I have twice requested Defendant's consent to this request without response.

Thank you for your consideration.

Sincerely Yours,

Andrew B. Stoll
Stoll, Glickman & Bellina L.L.P.

---

[1] The information about the City's actual notice of Plaintiff's handler's prior alleged predatory behavior was unknown to me because Plaintiff and I had repeatedly requested her file from Defendant before I filed this action, without success. Defendant asserted attorney-client privilege, but Plaintiff signed a waiver of privilege to get the file, and Defendant then stopped responding. Plaintiff's new counsel in the underlying matter writes, in Document 112, that "former counsel advised they did not possess the majority of the file- including all of Defendants' discovery" and so new counsel "received the majority of the case file from Defendants' counsel… [upon] reviewing the discovery, the undersigned identified the above-referenced evidence bearing on the City's liability". 20-CV-3926 (PK), Document 112, p. 4-5.